O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4294 AHM (FFMx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | REMEDIOS ("REMY") ROBLES *et al.* v. AMBIENT PRESSURE DIVING LTD. *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

    Having considered the parties' papers and authority cited therein, the Court finds that federal jurisdiction is lacking and REMANDS the case to the Los Angeles County Superior Court. The overwhelming weight of authority lends support to the conclusion that Death on the High Seas Act ("DOHSA") claims originally filed in state court are not removable. *See, e.g.*, Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-5 ¶ 2:858 (Rutter Group 2010) ("State court actions for damages under the Death on the High Seas Act (46 USC App. § 761) are not removable."); *Filho v. Pozos International Drilling Services, Inc.*, 662 F. Supp. 94, 98 (S.D. Tex 1987) ("[A] DOHSA claim brought in state court is not removable to federal court as a federal question."); *Argandona v. Lloyd's Registry of Shipping*, 804 F. Supp. 326, 327 (S.D. Fla. 1992) (finding that "DOHSA claims are admiralty in nature[, ] do not invoke federal question jurisdiction and, therefore, are not removable under § 1441(b)"); *Trinh v. Yamaha Boat Co.*, 122 F. Supp. 2d 1364, 1366 (S.D. Ga. 2000) ("DOHSA claims are admiralty questions, [and therefore] the *Romero* [*v. International Terminal Operating Co.*, 358 U.S. 354 (1959)] decision mandates that such claims are not federal questions. Therefore, the Court finds that DOHSA claims are not removable under § 1441(b)."); *Cornelio v. Premier Pacific Seafoods, Inc.*, 279 F.Supp.2d 1228, 1230 (W.D.Wash. 2003) ("The Court finds that Plaintiffs' [DOHSA claims] sound in admiralty. Such claims do not arise under the 'laws of the United States' for purposes of removal based upon federal question jurisdiction and therefore are not removable pursuant to 28 U.S.C. § 1441(b). Remand to state court pursuant to 28 U.S.C. § 1447(c) is therefore appropriate.").

    The Court does not find persuasive the reasoning of Judge Kenyon in the unpublished opinion *Kearney v. Litton Precision Gear*, 1988 WL 383575 (C.D. Cal. March 17, 1988), and declines to follow it. *Accord Tomlin v. Carson Helicopters, Inc.*

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4294 AHM (FFMx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | REMEDIOS ("REMY") ROBLES *et al*. v. AMBIENT PRESSURE DIVING LTD. *et al*. | | |

700 F. Supp. 248, 254 fn 2 (E.D. Pa. 1988) ("This Court declines to follow *Kearney* . . . In a one page Order, the *Kearney* court found removal jurisdiction without discussion of the rule or requirements of the complete preemption doctrine as mandated by the Supreme Court in *Metropolitan Life* and *Caterpillar*."); *Trinh, supra*, 122 F. Supp. 2d at 1366 (explaining that the *Kearny* court reached its decision "without fully examining the controlling case law").[1]

    No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

**JS-6**

---

[1] Having granted Plaintiffs' motion to remand [Dkt. No. 5], the Court will not address Defendants' motion to dismiss.